**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4458**

———————

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

LAVARIS JAMIL PERRY,

    Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:13-cr-00414-TDS-1)

———————

Submitted:  November 21, 2014   Decided:  December 10, 2014

———————

Before MOTZ, WYNN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant. Ripley Rand, United States Attorney, Robert M. Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lavaris Jamil Perry pled guilty pursuant to a plea agreement to one count of conspiracy to possess and utter counterfeit securities and one count of possessing and uttering counterfeit securities. He was sentenced to twenty-seven months' imprisonment, three years of supervised release, and restitution. On appeal, Perry challenges his sentence. Finding no error, we affirm.

We review a sentence for reasonableness, applying a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 52 (2007). We first consider whether the sentencing court committed "significant procedural error," including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, and inadequate explanation of the sentence imposed. Id. at 51; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). In assessing Guidelines calculations, we review factual findings for clear error, legal conclusions de novo, and unpreserved arguments for plain error. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012).

If we find the sentence procedurally reasonable, we also consider its substantive reasonableness under the totality of the circumstances. Lynn, 592 F.3d at 575. The sentence imposed must be "sufficient, but not greater than necessary, to

comply with the purposes" of sentencing.  18 U.S.C. § 3553(a). We presume on appeal that a within-Guidelines sentence is substantively reasonable, and the defendant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Upon review, we find Perry's within-Guidelines sentence to be both procedurally and substantively reasonable. The district court expressly considered the § 3553(a) factors, and Perry has not rebutted the presumption of reasonableness applicable to his sentence.  Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED